UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAVELLE R. JOHNSON,

    Plaintiff,

v.

CITY OF KIRKLAND, a Municipal corporation,

    Defendant.

Case No. C10-0775L

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING IN PART TO KING COUNTY DISTRICT COURT

## I.    INTRODUCTION

This matter comes before the Court on defendant City of Kirkland's motion for summary judgment. Dkt. # 8. Plaintiff has asserted claims under 42 U.S.C. § 1983, for violation of his Eighth and Fourteenth Amendment rights, and under a state law negligence theory. Defendant moves for summary judgment on both claims. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the record herein, the Court GRANTS in part defendant's motion with respect to plaintiff's 42 U.S.C. § 1983 claim, and declines to exercise supplemental jurisdiction with respect to plaintiff's state law negligence claim.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

## II. BACKGROUND

Responding to a hit-and-run call at approximately 12:30 a.m. on the morning of March 1, 2007, City of Kirkland police officers observed a white Cadillac Seville that had driven off the road and collided with a tree. Zablan Decl. (Dkt. # 11) at 4-5. "It had been snowing and [plaintiff's] car skidded out of control and smashed into a tree." Johnson Decl. (Dkt. # 14) at 1. "The top of the steering wheel was bent forward where [plaintiff's] body struck it," and "[t]he windshield was bulged out with 'spider web' damage where [plaintiff's] face struck it." Id. The officers found plaintiff in the driver's seat of the vehicle, drowsy and generally unresponsive to their inquiries. Zablan Decl. (Dkt. # 11) at 5.

City of Kirkland Fire Department emergency medical technicians were summoned to the scene and performed a head-to-toe examination of plaintiff to check for signs of significant injuries. Lirette Decl. (Dkt. # 10) at 1-2; Zablan Decl. (Dkt. # 11) at 5. The emergency medical technician's examination of plaintiff included body palpation designed to expose tactile indicia of fractures as well as verbal or physical reactions indicating whether the patient is seriously injured. Lirette Decl. (Dkt. # 10) at 2. The emergency medical technician did not detect any signs of trauma to plaintiff's body or head, though plaintiff did complain of pain to his knees. Id. Plaintiff provided a blood alcohol reading of 0.061, and admitted taking a prescription muscle relaxant approximately seven hours before the accident. Johnson Decl. (Dkt. # 14) at 2; Zablan Decl. (Dkt. # 11) at 5. Following this on-the-scene medical examination, Kirkland police arrested plaintiff and transported him to the police station for DUI testing and examination by a drug recognition expert.[1] Zablan Decl. (Dkt. # 11) at 5.

---

[1] Plaintiff moves to strike the portions of Lapaki Zablan's and Renee Lirette's declarations that state opinion "as to the nature of his injuries or as to whether he was under the influence of alcohol or drugs." Opp'n (Dkt. # 14) at 1. The Court declines to strike these portions of the declarations. While lay opinion evidence would not be admissible to prove the nature of plaintiff's injuries or whether

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

At the Kirkland police station, police officers were unable to complete DUI or drug recognition testing because of plaintiff's drowsy condition. Id. Plaintiff was kept at police headquarters for "over two hours," where he "complained of pain to the police." Johnson Decl. (Dkt. # 14) at 2. Plaintiff was then transported to Harborview Medical Center in Seattle and released into the care of medical staff at approximately 3:59 a.m. Zablan Decl. (Dkt. # 11) at 5-6. Kirkland police were later called back to the hospital after medical staff found narcotics on plaintiff's person. Id. at 6.

Plaintiff alleges that he suffered bilateral hip fractures, facial bone fractures, and traumatic brain injury as a result of the vehicle collision. Compl. (Dkt. # 1) Ex. A at ¶ 3. The only evidence submitted by plaintiff regarding his injuries, however, is his declaration asserting that he suffered facial fractures and a concussion, which the Court assumes as true for the purpose of deciding this motion. "The damage to [plaintiff's] face was so severe that an approximate 2" by 4" metal plate was put into [his] left cheek with screws." Johnson Decl. (Dkt. # 14) at 2. Plaintiff also displayed "visible cuts on his finger and lip." Florence Decl. (Dkt. # 12) at 2; see also Zablan Decl. (Dkt. # 11) at 13-14, 16-17. Plaintiff was detained for between two and three hours from the time Kirkland police arrived on the scene of his accident to his release to Harborview Medical Center staff. See Zablan Decl. (Dkt. # 11) at 5-6; Opp'n (Dkt. # 14) at 2-3.

Plaintiff filed suit against the City of Kirkland in King County District Court on March 1, 2010. On May 6, 2010, defendant removed the case to this Court pursuant to 28 U.S.C. § 1441.

---

plaintiff was under the influence of alcohol or drugs, Fed. R. Evid. 702, it is admissible to show the declarants' subjective states of mind as they relate to the deliberate indifference standard of the underlying Eighth Amendment violation. Fed. R. Evid. 701; see also Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (equating deliberate indifference to a subjective recklessness standard).

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

## III. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of establishing that it is entitled to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to demonstrate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting Fed. R. Civ. P. 56(e)(2)).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id.

### B. Civil Rights Violation Claim

When a claim under 42 U.S.C. § 1983 is asserted against a municipality, the Court must address two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) whether the city is responsible for that violation. Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 817 (1985)).

### i. Underlying Constitutional Violation

Plaintiff asserts that he was deprived of medical attention in violation of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process of law.[2] The Eighth Amendment applies only to convicted criminal defendants against whom the state "has secured a formal adjudication of guilt in accordance with due process of law." Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). Claims of cruel and unusual punishment by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); see also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the Ninth Circuit applies the same standard to each. See id. (citing Redman v. Cty. of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991)).

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners," and "an inadvertent failure to provide adequate medical care" does not violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 105 (1976). The deliberate indifference test is equivalent to a subjective recklessness standard. See Farmer, 511 U.S. at 839-40. Delayed provision of medical care violates the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

---

[2] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

exists, and he must also draw the inference." Id. at 837.  Furthermore, the delay in treatment itself must have caused the plaintiff "significant harm."  See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); cf. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990) (Reinhardt, J., dissenting in part)) ("However, a finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Plaintiff has asserted a serious medical need in the bilateral hip fractures, facial fracture, and concussion he suffered as a result of his accident.  See Compl. (Dkt. # 1) Ex. A at ¶ 3. Plaintiff declares that he "complained of pain to the police" and that "[t]he damage to [his] face was so severe than an approximate 2" by 4" metal plate was put into [his] left cheek with screws."  Johnson Decl. (Dkt. # 14) at 2.  Faced with these facts, a fact-finder could reasonably infer that the officers were subjectively aware of a substantial risk of harm to plaintiff.  See Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

Plaintiff has not, however, presented any evidence demonstrating that the two- to three-hour delay in his medical treatment resulted in significant harm.  Plaintiff asserts only that "if I had been taken right away to the hospital that I would have been given pain medication and that the effect would have been to stop the extreme pain I experienced in this instance." Johnson Decl. (Dkt. # 14) at 2.  However, plaintiff's prolonged experience of pain does not rise to the level of harm required to state a deliberate indifference claim.  See, e.g., Wood, 900 F.2d at 1335 (affirming finding that 11-day delay in treatment for broken orthopedic pin in inmate's shoulder did not cause sufficient harm in part because "the only remedy immediately available was a prescription for painkillers."); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970) (per curiam) (11-day delay in treating inmate's "serious facial bone fractures" did not violate Eighth

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Amendment); cf. Hunt v. Dental Dept., 865 F.2d 198, 201 (9th Cir. 1989) (three-month delay in replacing dentures, causing gum disease and possibly weight loss, may violate Eighth Amendment).

Plaintiff's Section 1983 claim against the city must fail because he has presented no evidence from which a reasonable trier of fact could find an underlying violation of his Fourteenth Amendment due process rights. "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized" the challenged conduct "is quite beside the point." Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

### ii.   Municipal Liability

Even if plaintiff had established a violation of his constitutional rights, his claim would still fail. For a municipality to be liable under 42 U.S.C. § 1983, the underlying challenged conduct must be performed pursuant to an official municipal "policy" or a well-established municipal "custom." Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). To state a prima facie Section 1983 claim against a municipality, plaintiffs must present evidence tracing the alleged violation to a "policy statement, ordinance, regulation, or decision" promulgated by the municipality's decisionmaking body, id., or to a municipal custom that is "so widespread as to have the force of law." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997).[3] Additionally, plaintiffs "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. This causation requirement

---

[3] Plaintiffs may also assert municipal liability under Section 1983 by alleging that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action. See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (plurality opinion)). Plaintiff has presented no evidence under this theory of liability.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

precludes municipal respondeat superior liability for Section 1983 violations.  Section 1983 respondeat superior liability for municipalities was considered and rejected in Monell and has been "consistently refused" since.  Id. at 403; see also Monell, 436 U.S. at 691-94.

Plaintiff has identified no municipal policy or custom responsible for his alleged constitutional injury.  See Compl. (Dkt. # 1) Ex. A at ¶ 5.  Instead, plaintiff asserts that the police officers' failure to recognize the seriousness of his injuries "indicates a failure to supervise and train by the City of Kirkland which would make them liable."  Opp'n (Dkt. # 14) at 3.

A municipality may be liable under Section 1983 for a failure to train its employees when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that . . . the failure to provide proper training may fairly be said to represent a policy for which the city is responsible."  City of Canton v. Harris, 489 U.S. 378, 390 (1989).  A failure to train may only serve as the basis for municipal liability under Section 1983 when it "amounts to deliberate indifference[4] to the rights of persons with whom the police come into contact."  Id. at 388.  Here, plaintiff has not demonstrated any "obvious" need for more or different training but instead asks this Court to infer that the City of Kirkland police officers' mistaken belief that plaintiff was not seriously injured is indicative of an objectively reckless training program.  Even assuming that the police officers' mistake was indeed caused by deficient training, this deficiency alone is insufficient to state a claim for municipal liability.  "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."  City of Canton, 489 U.S. at 390-91.  To permit plaintiff's Section 1983 claim

---

[4] This objective use of the "deliberate indifference" standard is not to be confused with the subjective standard applied to alleged Eighth Amendment violations.  See Collins, 503 U.S. at 124; see also Farmer, 511 U.S. at 841 ("Canton's objective standard, however, is not an appropriate test for determining the liability of prison officials under the Eighth Amendment.").

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

against defendant City of Kirkland based solely on the city's employment relationship with the officers "would result in de facto respondeat superior liability." Id. at 392.

Accordingly, the Court grants defendant's motion for summary judgment with respect to plaintiff's Section 1983 claim.

**C.     Negligence Claim**

Plaintiff also alleges that employees of defendant City of Kirkland breached the duty of care owed to him by negligently withholding medical attention. Compl. (Dkt. # 1) Ex. A at ¶ 4.

Having dismissed plaintiff's 42 U.S.C. § 1983 claim with prejudice, the Court must consider whether to exercise supplemental jurisdiction over plaintiff's remaining state law claim. This Court has discretion to remand the case to state court even though it was properly removed. 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).  In exercising this discretion, the Court considers whether remand or retention of the case would better serve the principles of economy, convenience, fairness, and comity. Carnegie-Mellon Univ., 484 U.S. at 357, 350 n.7 (noting that "in the usual case in which all federal-law claims are eliminated before trial," the balance of factors will weigh towards remanding pendent state law claims); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (recognizing "that it is generally preferable for a district court to remand remaining pendent claims to state court"). This case is in its early stages, and the parties have not expended significant resources litigating the case in federal court. The Court has not resolved any dispositive state law issues.  Furthermore, the state court more frequently handles issues of state negligence law.  Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim and remands the case to the court from which it was removed.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

**IV.  CONCLUSION**

For the reasons set forth above, the Court GRANTS in part defendant's motion for summary judgment as to plaintiff's Section 1983 claim. The Court declines to exercise supplemental jurisdiction over plaintiff's remaining negligence claim.

The Clerk of the Court is directed to REMAND this case to King County District Court, Seattle District.

DATED this 25th day of January, 2011.

*[signature]*
Robert S. Lasnik
United States District Judge